**FILED**
**DECEMBER 10, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6941**

| | | |
|---|---|---|
| INSPE ASSOCIATES, LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| | ) | |
| | ) | Judge: |
| | ) | |
| MATT TARANTO, doing business as | ) | |
| AESTHETIC CONSULTING GROUP, and | ) | |
| JOHN DOES 1-10, | ) | |
| | ) | |
| Defendant. | ) | |

**JUDGE NORGLE**
**MAGISTRATE JUDGE COX**

## NOTICE OF REMOVAL TO FEDERAL COURT
## BASED ON FEDERAL QUESTION JURISDICTION

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendant, MARK TARANTO, by and through his attorneys, Eric L. Samore of Smith Amundsen LLC, hereby submits this Notice of Removal to the United States District Court for the Northern District of Illinois of the above-styled action, pending as Case No. 07 CH 18656 in the Circuit Court of Cook County, Illinois. In support of this petition and as grounds for removal, Aesthetic states as follows:

1. On July 16, 2007, plaintiff, INSPE ASSOCIATES, LTD. ("Plaintiff" or "Inspe") filed this action in the Circuit Court of Cook County, Illinois, styled, Inspe Associates, Ltd. V. Matt Taranto, d/b/a/ Aesthetic Consulting Group, and John Does 1-10, Case No. 07 CH 18656. Defendant Taranto has not appeared or participated in that action in any way. (The Complaint is attached as Exhibit "A").

2. Defendant Taranto first received Notice of the initial pleading on this lawsuit on or about November 15, 2007, when his counsel first received notice of the initial pleading via facsimile from plaintiff's counsel. (See Exhibit "A"). Taranto was never served with the

pleading or summons prior to November 15, 2007 and was not served on or about July 23, 2007, (See Aff. of Service. Ex. "B").

3.  The Class Action Complaint alleges three causes of action based on an alleged transmission from Defendant to Plaintiff of a purported unsolicited facsimile advertisement. Specifically, the Class Action Complaint contains the following claims: violation of the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), conversion, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA"). Plaintiff brings these claims on behalf of a class of persons. (See Exhibit A)

4.  This case is a civil action of which the United States District Court for the Northern District of Illinois has original jurisdiction under the provisions of 28 U.S.C. § 1331 because Plaintiff has alleged a cause of action under the TCPA, a federal statute. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449-51 (7th Cir. 2005).

5.  Removal to this federal court is authorized by 28 U.S.C. § 1441. The Seventh Circuit has held that TCPA actions are removable under 28 U.S.C. § 1441 because a claim pursuant to the TCPA arises under federal law. *Brill*, 427 F.3d at 449-51 (stating that removal of the TCPA action was authorized by Section 1441 and allowed by 47 U.S.C. § 227(b)(3)); *see also Locklear Electric v. Matrix Lead Source, Inc.*, 2006 U.S. Dist. LEXIS 90749, *1-*2 (S.D. Ill. Dec. 15, 2006)(finding that not only is *Brill* binding precedent on the Southern District of Illinois court but that *Brill*'s reasoning was entirely persuasive).

6.  In addition to the purported affidavit of service, Defendant Taranto attaches, as Exhibits "A" and "C" to this Notice of Removal to Federal Court Based on Federal Question Jurisdiction, copies of the Complaint and the discovery served upon him, which are the only documentation Defendant Taranto has in its possession of the state court proceeding as the date

of this removal petition.  At the time of filing this Notice of Removal to Federal Court, no other processes, pleadings, or orders, other than the documents attached hereto, have been served upon defendant.

7. Plaintiff has not yet requested a trial by jury as indicated by the Complaint.

8. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b), as it is filed within 30 days after Defendant received notice of the initial pleading, which sets forth the claims upon which the Notice of Removal is based.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322, 1328 (1999).

9. Written notice of this Notice of Removal is being served upon plaintiff, and a copy of the Notice of Removal is being filed with the Circuit Court of Cook County, Illinois.  The Circuit Court of Cook County, Illinois, is located within this District.

WHEREFORE, defendant, MATT TARANTO, petitions that the above-entitled action be removed and transferred from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

        Respectfully Submitted,


By:  __/s/Eric Samore_____
     Attorney for Defendant MATT TARANTO

Eric L. Samore, ARDC # 6181345
esamore@salawus.com
SMITH AMUNDSEN, L.L.C.
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Phone: (312) 894-3200
Fax:     (312) 894-3210