IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INSPE ASSOCIATES, LTD. ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 07 C 6941 |
| ) | |
| ) | Judge Norgle |
| ) | Magistrate Judge Cox |
| MATT TARANTO, doing business as ) | |
| AESTHETIC CONSULTING GROUP, and ) | |
| JOHN DOES 1-10, ) | |
| ) | |
| Defendant. ) | |

**MATT TARANTO'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S CLASS ACTION COMPLAINT**

**NOW COMES** the Defendant, MATT TARANTO, by and through its attorneys, SMITHAMUNDSEN LLC, and for his Answer and Affirmative Defenses to Plaintiff's Class Action Complaint, states as follows:

**INTRODUCTION**

1. Plaintiff INSPE Associates, Ltd. brings this action to secure redress for the actions of defendant Matt Taranto doing business as Aesthetic Consulting Group, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

**ANSWER:** **Defendant, Matt Taranto, admits that Plaintiff brought an action against Defendant, but denies the veracity of all allegations against defendant as contained in Paragraph 1 of Plaintiff's Class Action Complaint.**

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on

Case No. 07-6941                                                                                                    3006186ELS/MAA

something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

**ANSWER:**   **Defendant states that the allegations of Paragraph 2 of Plaintiff's Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 2 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact against Matt Taranto, Defendant denies same.**

## PARTIES

3.     Plaintiff INSPE Associates, Ltd. is a corporation with offices in Chicago, Illinois, where it maintains telephone facsimile equipment.

**ANSWER:**   **Defendant has insufficient knowledge to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Class Action Complaint.**

4.     Defendant Matt Taranto conducts business as Aesthetic Consulting Group ("ACG") at 5001 College Blvd., Suite 216, Leawood, KS 66211.

**ANSWER:**   **Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Class Action Complaint.**

5.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

**ANSWER:**   **Defendant has insufficient knowledge to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Class Action Complaint.**

## JURISDICTION AND VENUE

6.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a.     Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b.     Have transacted business in Illinois.

Case No. 07-6941                                                                      3006186ELS/MAA

**ANSWER:** **Defendant denies the allegations contained in Paragraph 6 (a)-(b), inclusive, of Plaintiff's Class Action Complaint.**

## FACTS

7.  On or about June 12, 2007, plaintiff INSPE Associates, Ltd. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

**ANSWER** **Defendant has insufficient knowledge to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Class Action Complaint and therefore denies same, demanding strict proof thereof.**

8.  Discovery may reveal the transmission of additional faxes as well.

**ANSWER:** **Defendant denies the allegations as stated in Paragraph 8 of Plaintiff's Class Action Complaint.**

9.  Defendant ACG is responsible for sending or causing the sending of the faxes.

**ANSWER:** **Defendant denies the allegations as stated in Paragraph 9 of Plaintiff's Class Action Complaint.**

10. Defendant ACG, as the party whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

**ANSWER:** **Defendant denies the allegations as stated in Paragraph 10 of Plaintiff's Class Action Complaint.**

11. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

**ANSWER:** **Defendant has insufficient knowledge to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Class Action Complaint and therefore denies same, demanding strict proof thereof.**

12. The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

**ANSWER:** **Defendant denies the allegations as stated in Paragraph 12 of Plaintiff's Class Action Complaint.**

Case No. 07-6941                                                                         3006186ELS/MAA

13. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

**ANSWER:     Defendant denies the allegations as stated in Paragraph 13 of Plaintiff's Class Action Complaint.**

14. On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

**ANSWER:     Defendant denies the allegations as stated in Paragraph 14 of Plaintiff's Class Action Complaint.**

15. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

**ANSWER:     Defendant has insufficient knowledge to form a belief as to the allegations contained in Paragraph 15 of Plaintiff's Class Action Complaint and therefore denies same, demanding strict proof thereof.**

### COUNT I – TCPA

16. Plaintiff incorporates ¶¶ 1-15.

**ANSWER:     Defendant incorporates, by reference, its answers to paragraphs 1 through 15 of Plaintiff's Class Action Complaint, as if fully set forth herein.**

17. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

**ANSWER:     Defendant states that the allegations of Paragraph 17 of Plaintiff's Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 17 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

18. The TCPA, 47 U.S.C. §227(b)(3), provides:

Private right of action.

Case No. 07-6941                                                                                       3006186ELS/MAA

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
>
>> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C) both such actions.
>
> If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

**ANSWER:** **Defendant states that the allegations of Paragraph 18 of Plaintiff's Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 18 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

19. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

**ANSWER:** **Defendant denies the allegations as stated in Paragraph 19 of Plaintiff's Class Action Complaint.**

20. Plaintiff and each class member is entitled to statutory damages.

**ANSWER:** **Defendant denies the allegations as stated in Paragraph 20 of Plaintiff's Class Action Complaint.**

21. Defendants violated the TCPA even if their actions were only negligent.

**ANSWER:** **Defendant denies the allegations as stated in Paragraph 21 of Plaintiff's Class Action Complaint.**

22. Defendants should be enjoined from committing similar violations in the future.

Case No. 07-6941                                                                                           3006186ELS/MAA

**ANSWER:   Defendant denies the allegations as stated in Paragraph 22 of Plaintiff's Class Action Complaint.**

## CLASS ALLEGATIONS

23.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on behalf of defendant ACG, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant ACG promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

**ANSWER:   Defendant has insufficient knowledge to form a belief as to the allegations contained in Paragraph 23(a)-(d) of Plaintiff's Class Action Complaint and therefore denies same, demanding strict proof thereof. Defendant denies all allegations of fact concerning wrongdoing as contained in Paragraph 23 of Plaintiff's Class Action Complaint.**

24.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**ANSWER:   Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Class Action Complaint.**

25.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

      a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

      b.    The manner in which defendants compiled or obtained their list of fax numbers;

Case No. 07-6941                                                                                                    3006186ELS/MAA

        c.       Whether defendants thereby violated the TCPA;

        d.       Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

        e.       Whether defendants thereby converted the property of plaintiff.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 25 (a) through (e), inclusive, of Plaintiff's Class Action Complaint.**

26. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Class Action Complaint.**

27. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Class Action Complaint.**

28. Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of

<u>Texas v. American Blast Fax, Inc.</u>, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

**ANSWER:**   **Defendant states that allegations contained in Paragraph 28 of Plaintiff's Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 28 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

29.   Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

**ANSWER:**   **Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Class Action Complaint.**

WHEREFORE, Defendant, MATT TARANTO, respectfully requests that judgment be entered in his favor and against Plaintiff with costs assessed against Plaintiff.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

Contemporaneous herewith, Defendant has moved for dismissal of Count II and, therefore, no answer is required or provided hereto.

### COUNT III—CONVERSION

Contemporaneous herewith, Defendant has moved for dismissal of Count III and, therefore, no answer is required or provided hereto.

### AFFIRMATIVE DEFENSES

**NOW COMES** Defendant, MATT TARANTO, by and through his attorneys, SMITHAMUNDSEN LLC, and for his Affirmative Defenses to Plaintiff's Class Action Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The TCPA violates the Due Process Clauses of the Fifth and Fourteenth Amendments

Case No. 07-6941                                                                                           3006186ELS/MAA

of the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

The TCPA violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

Any cause of action alleged in the Complaint is barred by the doctrines of waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

With respect to the claim for damages, Defendant incorporates by reference all limitations on damage awards which arose in *BMW of North America v. Gore*, 116 U.S. 1589 (1996) and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 537 U.S. 1042 (2003).

### SIXTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that he intends to rely upon such other and further affirmative defenses and counterclaims as may become available or apparent and hereby reserves his right to amend his Answer to assert such defenses or claims.

**WHEREFORE**, Defendant, MATT TARANTO, respectfully requests that judgment be entered in its favor and against Plaintiff with costs assessed against Plaintiff.

DEFENDANT REQUESTS A TRIAL BY JURY.

                                                                                        Respectfully Submitted By:


                                                                                        /s/ Molly A. Arranz
                                                                                        Attorneys for Defendant,
                                                                                        MATT TARANTO

Case No. 07-6941                                                                                    3006186ELS/MAA

Eric L. Samore, ARDC 6181345
Molly A. Arranz, ARDC 6281122
SMITH AMUNDSEN, L.L.C
150 North Michigan Avenue, Suite 3300
Chicago, Illinois  60601
(312) 894-3200

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 17th day of December 2007, she served Defendant, Matt Taranto's **Answer and Affirmative Defenses to Plaintiff's Class Action Complaint** on:

>Julie Clark
>Edelman, Combs, Latturner & Goodwin, LLC
>120 S. LaSalle Street, 18th Floor
>Chicago, IL  60603

These pleadings were served upon the attorneys as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

|   |   |
|---|---|
| [x] | Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct.<br>December 17, 2007.<br><br>    /s/ Molly A. Arranz           |

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
COUNSEL FOR MATT TARANTO