# EXHIBIT A

Atty. No. 41106

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

INSPE ASSOCIATES, LTD.,                        )
                                               )
      Plaintiff,                           )
                                               )    **07CH 18656**
      v.                                   )
                                               )
MATT TARANTO,                                  )
doing business as AESTHETIC                    )
      CONSULTING GROUP,                    )
and JOHN DOES 1-10,                            )
                                               )
      Defendants.                          )

### COMPLAINT -- CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

    1.    Plaintiff INSPE Associates, Ltd. brings this action to secure redress for the

actions of defendant Matt Taranto doing business as Aesthetic Consulting Group, in sending or

causing the sending of unsolicited advertisements to telephone facsimile machines in violation of

the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud

Act, 815 ILCS 505/2 ("ICFA"), and the common law.

    2.    The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax

advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the

use of its fax machine. The recipient also wastes valuable time it would have spent on something

else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause

wear and tear on fax machines, and require labor to attempt to identify the source and purpose of

the unsolicited faxes.

1

## PARTIES

3.    Plaintiff INSPE Associates, Ltd. is a corporation with offices in Chicago, Illinois, where it maintains telephone facsimile equipment.

4.    Defendant Matt Taranto conducts business as Aesthetic Consulting Group ("ACG") at 5001 College Blvd., Suite 216, Leawood, KS 66211.

5.    Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.    Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    a.    Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b.    Have transacted business in Illinois.

## FACTS

7.    On or about June 12, 2007, plaintiff INSPE Associates, Ltd. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8.    Discovery may reveal the transmission of additional faxes as well.

9.    Defendant ACG is responsible for sending or causing the sending of the faxes.

10.    Defendant ACG, as the party whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

11.    Plaintiff had no prior relationship with defendant and had not authorized

2

the sending of fax advertisements to plaintiff.

12.   The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

13.   On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

14.   On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

15.   There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

16.   Plaintiff incorporates ¶¶ 1-15.

17.   The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

18.   The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

(C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

19. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

20. Plaintiff and each class member is entitled to statutory damages.

21. Defendants violated the TCPA even if their actions were only negligent.

22. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

23. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on behalf of defendant ACG, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant ACG promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

24. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

25. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common

4

questions include:

    a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b.     The manner in which defendants compiled or obtained their list of fax numbers;

    c.     Whether defendants thereby violated the TCPA;

    d.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    e.     Whether defendants thereby converted the property of plaintiff.

    26.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

    27.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

    28.     Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind. App. 2003); Nicholson v. Hooters of

_Augusta, Inc._, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see _State of Texas v. American Blast Fax, Inc._, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

29.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Actual damages;

b.    Statutory damages;

c.    An injunction against the further transmission of unsolicited fax advertising;

d.    Costs of suit;

e.    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

30.    Plaintiff incorporates ¶¶ 1-15.

31.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

32.    Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

33.    Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

6

34.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed, as a result.

35.    Defendants engaged in such conduct in the course of trade and commerce.

36.    Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

37.    Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

38.    Defendants should be enjoined from committing similar violations in the future.

### CLASS ALLEGATIONS

39.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant ACG, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant ACG promoting its goods or services for sale (d) and with respect to whom defendant

7

cannot provide evidence of express consent or an established business relationship prior to the faxing.

40.   The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

41.   There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.   Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.   Whether defendants thereby violated the TCPA;

c.   Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d.   Whether defendants thereby converted the property of plaintiff.

42.   Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

43.   A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

44.   Management of this class action is likely to present significantly fewer

8

difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      a.     Appropriate damages;

      b.     An injunction against the further transmission of unsolicited fax advertising;

      c.     Attorney's fees, litigation expenses and costs of suit;

      d.     Such other or further relief as the Court deems just and proper.

### COUNT III – CONVERSION

45.    Plaintiff incorporates ¶¶ 1-15.

46.    By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

47.    Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

48.    By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

49.    Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

50.    Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member

9

thereby suffered damages as a result of receipt of the unsolicited faxes.

51.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

52.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant ACG, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant ACG promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

53.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

54.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.     Whether defendants thereby violated the TCPA;

c.     Whether defendants thereby committed the tort of conversion;

d.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

c.    Whether defendants thereby converted the property of plaintiff.

55.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

56.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

57.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Appropriate damages;

b.    An injunction against the further transmission of unsolicited fax advertising;

c.    Costs of suit;

d.    Such other or further relief as the Court deems just and proper.

Daniel A. Edelman

Daniel A. Edelman

11

    e.  Whether defendants thereby converted the property of plaintiff.

  55.  Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

  56.  A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

  57.  Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

  WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.  Appropriate damages;

    b.  An injunction against the further transmission of unsolicited fax advertising;

    c.  Costs of suit;

    d.  Such other or further relief as the Court deems just and proper.


      _____
      Daniel A. Edelman


Daniel A. Edelman

11

Michelle R. Teggelaar
Julia Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

K:\GENERAL\unsolicitedFAX\cmplt.acg.wpd

12

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

13

# EXHIBIT A

## *Still using a crystal-based microdermabrasion system?*

The DiamondTome Particle Free Skin Resurfacing System is the #1 microdermabrasion system in the US.

See for yourself why the DiamondTome is making older, crystal-based systems obsolete.

### DIAMONDTOME



AESTHETIC

### For more information, contact ACG at:
### Ph-913-338-2553      Fx-913-338-2571

☐  Please schedule in in-office demonstration

☐  I am unable to attend but I would like someone to contact me

Name: _____

Phone: _____  Fax: _____

Email: _____      Contact: _____

Address: _____  State: _____  Zip: _____

*You may request the sender not to send future faxes to your fax machine by calling 1-800-841-3020 ext. 41310 or by faxing 1-913-338-2571 and listing your fax number and specifying "Opt Out".*