**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| INSPE ASSOCIATES, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07 C 6941 |
| | ) | |
| MATT TARANTO, | ) | Judge Norgle |
| doing business as AESTHETIC | ) | |
| CONSULTING GROUP, | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff INSPE Asspciates, Ltd. respectfully asks the Court to enter an order remanding this action to state court pursuant to 28 U.S.C. § 1441(c)

In support of this motion, Plaintiff states as follows:

1.      Plaintiff brought this class action on July 16, 2007 in the Circuit Court of Cook County.  The complaint was to secure redress for the actions of defendant Matt Taranto doing business as Aesthetic Consulting Group  in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.      Defendant was served on July 23, 2007.  The original affidavit of service is attached hereto as Exhibit A.

3.      After learning that defendant was claiming not to have received the summons and complaint, as indicated in the affidavit of service, plaintiff's counsel obtained and

amended affidavit of service, wherein the process server provides information concerning the physical description of the party served.  A copy of the amended affidavit of service is attached hereto as <u>Exhibit B</u>.

4.      On December 11, 2007, over four months after being sued, defendant filed a Notice of Removal of the action to this Court pursuant to 28 U.S.C. §§ 1441. Defendant contends the Court has original jurisdiction over Plaintiff's  Telephone Consumer Protection Act claim pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) and does not address this Court's jurisdiction relating to the plaintiff's state law claims.

5.      Section 1446 of Title 28 of the United States Code sets forth the procedures for removing a case to federal court. Section 1446 provides that a notice of removal must be filed "within thirty days after the receipt by the defendant . . . of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant. . . ." 28 U.S.C. § 1446(b).

6.      Defendant contends that he first received notice of the initial pleading "on or about November 15, 2007, when his counsel first received notice of the initial pleading via facsimile from plaintiff's counsel," and that "copies of the complaint and the discovery served upon him, which are the only documentation [he] has in his possession of the state court proceeding as the date of this removal petition." (Def. Not. Rem. ¶2). Defendant specifically claims that, "[a]t the time of filing this Notice of Removal to Federal Court, no other processes pleadings or orders, other than the documents attached hereto, have been served upon defendant." <u>Id</u>.

7.      The certificate of service attached to Defendant's Exhibit C ("Plaintiff's

Limited Discovery Requests") plainly indicates that on November 2, 2007 the documents was

served via facsimile and US mail to:

> Matt Taranto
> d/b/a Aesthetic Consulting Group
> 5001 College Blvd. Suite 216
> Leawood, KS 66211
> 913.338.2571 (fax)

Defendant does not contest the accuracy of the address or fax number used to provide service of

the document.

8.    In addition to the Limited Discovery requests which defendant admits to

receiving, plaintiff previously filed and served a Motion for Class Certification on September 10,

2007. (Exhibit C). The Motion for Class Certification was served by regular and certified mail

and signed for by M. Stanley on September 12, 2007. (Exhibit D).

9.    Plaintiff also filed, on August 27, 2007, a Motion for Designation of

Relatedness, which was served upon defendant via regular mail at the same address referred to

above. (Exhibit E). The motion contains plaintiff's complaint as Appendix A.

10.    Defendant's contentions surrounding what was received and when simply

are not supported by the record. Though apparently admitting to receiving the discovery

requests as they were sent, defendant denies receipt of any other document until his counsel

forwarded him the complaint.

11.    The propriety of removal is to be strictly construed against removal, with

all doubts resolved in favor of remand. *See* People of the State of Ill. v. Kerr-McGee Chem.

Corp., 677 F.2d 571, 576 (7th Cir. 1982). Put another way, there is a strong presumption in favor

of remand." Fuller v. BNSF Ry. Co., 472 F. Supp. 2d 1088, 2007 U.S. Dist. LEXIS (S.D. Ill. Jan.

3

3, 2007) (*quoting* Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993)); *See also* In re

Continental Cas. Co., 29 F.3d 292, 294 (7th Cir. 1994) (citing Ayers v. Watson, 113 U.S. 594, 5

S. Ct. 641 (1885)) ("The plaintiff has a right to remand if the defendant did not take the right

steps when removing[.]"); Fields v. Jay Henges Enters., Inc., 2006 U.S. Dist. LEXIS 47948,

(S.D. Ill. June 30, 2006) ("[A] defendant seeking removal must strictly comply with all the

statutory requirements, and where there is doubt as to whether the requirements have been

satisfied, the case should be remanded.").

       12.    A signed return of service constitutes prima facie evidence of valid service

"which can be overcome only by strong and convincing evidence." O'Brien v. R.J. O'Brien &

Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir. 1993) *citing* Hicklin v. Edwards, 226 F.2d 410, 414

(8th Cir. 1955). *See also* Taft v. Donellan Jerome, Inc., 407 F.2d 807, 808-09 (7th Cir. 1969).

Defendant here has provided *no* evidence to overcome the proof of service provided by plaintiff.

       13.    Consequently, there is *at least* doubt as to whether defendant's notice of

removal was filed in a timely fashion.    Despite an affidavit of service provided by a local

process server attesting to the date, time and place that defendant was served, defendant contends

that it was never served with pleading or summons prior to November 15, 2007.  (Def. Not. Rem.

¶2).  Though apparently admitting to receiving the discovery requests as they were sent,

defendant denies receipt of any other document until his counsel forwarded him the complaint,

despite the fact that motions were filed and served on August 27, 2007 and September 10, 2007 .

(Exhibits D-E).

       14.    There exists in this matter a serious doubt as to the timeliness of

defendant's removal attempt and consequently, the Court should remand as requested.  Should

the Court find that the issues raised by plaintiff herein do not amount to doubt sufficient for

remand, plaintiff submits that leave be granted in order to conduct discovery related to service of

the summons and complaint believed to have occurred on July 23, 2007.

               WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests

that the Court to enter an order remanding this action to state court.   Alternatively, Plaintiff

requests leave to conduct discovery related to service of process.

Respectfully submitted,

/s/Julie Clark
Julie Clark

<u>**CERTIFICATE OF SERVICE**</u>

      I, Julie Clark, certify that on December 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Eric L. Samore
esamore@osalaw.com

Molly A. Arranz
marranz@osalaw.com

                                   /s/Julie Clark
                                   Julie Clark