# EXHIBIT A

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (                    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, Chancery _____ DIVISION

(Name all parties)

INSPE ASSOCIATES, LTD., _____

_____

v.

MATT TARANTO, d/b/a AESTHETIC CONSULTING GROUP,
and JOHN DOES 1-10. _____

_____

## 07CH 18656

No. _____

Matt Taranto
d/b/a Aesthetic Consulting Group
5001 College Blvd., Ste. 216
Leawood, KS 66211

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802_____, Chicago, Illinois 60602

☐ **District 2 - Skokie**
   5600 Old Orchard Rd.
   Skokie, IL  60077

☐ **District 3 - Rolling Meadows**
   2121 Euclid
   Rolling Meadows, IL  60008

☐ **District 4 - Maywood**
   1500 Maybrook Ave.
   Maywood, IL  60153

☐ **District 5 - Bridgeview**
   10220 S. 76th Ave.
   Bridgeview, IL  60455

☐ **District 6 - Markham**
   16501 S. Kedzie Pkwy.
   Markham, IL  60426

☐ **Child Support**
   28 North Clark St., Room 200
   Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

JUL 1 6 2007

WITNESS, _____, _____

_Dorothy Brown_
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Atty. No.: 41106_____
Name: Edelman, Combs, Latturner, & Goodwin, LLC
Atty. for: Plaintiff_____
Address: 120 S. LaSalle Street_____
City/State/Zip: Chicago, IL 60603_____
Telephone: 312.739.4200_____

Service by Facsimile Transmission will be accepted at: _____ (312)    419-0379
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# AFFIDAVIT OF SERVICE

**State of ILLINOIS**                 **County of COOK**                 **Circuit Court**

Case Number: 07CH18656

Plaintiff:
**INSPE ASSOCIATES, LTD.**

vs.

Defendant:
**MATT TARANTO, D/B/A AESTHETIC CONSULTING GROUP, AND JOHN DOES 1-10**

For:
EDLEMAN, COMBS, LATTURNER, & GOODWIN, LL
120 S Lasalle St 18th Floor
Chicago, IL  60603

Received by D & B Legal Services, Inc. to be served on **AESTHETIC CONSULTING GROUP, 5001 COLLEGE BLVD STE 216, LEAWOOD, KS 66211.**

I, BILL POWELL, being duly sworn, depose and say that on the **23rd day of July, 2007** at **9:00 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **MATT TARANTO** as **REPRESENTATIVE** for **AESTHETIC CONSULTING GROUP**, at the address of: **5001 COLLEGE BLVD STE 216, LEAWOOD, KS 66211.**

I certify that I am over the age of 18 and have no interest in the above action and the foregoing statements made by me are true and correct.

Subscribed and Sworn to before me on the 23rd day of July, 2007

**BILL POWELL**
Process Server

**D & B Legal Services, Inc.**
**6005 Johnson Dr., Ste. C**
**Mission, KS  66202**
**(913) 362-8110**

NOTARY PUBLIC

LORETTA WALLER
NOTARY PUBLIC
STATE OF KANSAS
My Commission Expires 01/11/2010

Our Job Serial Number: 2007003390

Copyright © 1992-2006 Database Services, Inc. - Process Server's Toolbox V5.9t

# EXHIBIT B

# AFFIDAVIT OF SERVICE

**State of ILLINOIS**        **County of COOK**        **Circuit Court**

Case Number: 07CH18656

Plaintiff:
**INSPE ASSOCIATES, LTD.**

vs.

Defendant:
**MATT TARANTO, D/B/A AESTHETIC CONSULTING GROUP, AND JOHN DOES 1-10**

For:
EDLEMAN, COMBS, LATTURNER, & GOODWIN, LL
120 S Lasalle St 18th Floor
Chicago, IL 60603

Received by D & B Legal Services, Inc. to be served on **AESTHETIC CONSULTING GROUP, 5001 COLLEGE BLVD STE 216, LEAWOOD, KS 66211.**

I, BILL POWELL PPS07-0038, being duly sworn, depose and say that on the **23rd day of July, 2007** at **9:00 am**, I:

served a **CORPORATION** by delivering a true copy of the **Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **MATT TARANTO as REPRESENTATIVE for AESTHETIC CONSULTING GROUP**, at the address of: **5001 COLLEGE BLVD STE 216, LEAWOOD, KS 66211.**

**Additional Information pertaining to this Service:**
WHITE MALE 30-35 YRS 6'3" TALL 170LBS BLACK HAIR

I certify that I am over the age of 18 and have no interest in the above action and the foregoing statements made by me are true and correct.

Subscribed and Sworn to before me on the 4th day of
December, 2007

_____
NOTARY PUBLIC

Notary Public - State of Kansas
DEE ANN POWELL
My Appointment Expires _____

**BILL POWELL PPS07-0038**
Process Server

**D & B Legal Services, Inc.**
6005 Johnson Dr., Ste. C
Mission, KS 66202
(913) 362-8110

Our Job Serial Number: 2007003390

Copyright 1992-2006 Database Services, Inc. - Process Server's Toolbox V6.2c

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _Chancery_ DIVISION

(Name all parties)

INSPE ASSOCIATES, LTD.,

v.

MATT TARANTO, d/b/a AESTHETIC CONSULTING GROUP,
and JOHN DOES 1-10.

## 07CH 18656

No. _____

Matt Taranto
d/b/a Aesthetic Consulting Group
5001 College Blvd., Ste. 216
Leawood, KS 66211

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802_____, Chicago, Illinois 60602

| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

JUL 1 6 2007

Atty. No.: 41106

Name: Edelman, Combs, Latturner, & Goodwin, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle Street

City/State/Zip: Chicago, IL 60603

Telephone: 312.739.4200

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____,

_____
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

(312)    419-0379
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT C

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

INSPE ASSOCIATES, LTD.,                    )
                                           )
    Plaintiff,                     )
                                           )
    v.                             )        07 CH 18656
                                           )
MATT TARANTO,                              )
doing business as AESTHETIC                )
    CONSULTING GROUP,              )
and JOHN DOES 1-10,                        )
                                           )
    Defendants.                    )

### NOTICE OF FILING

**TO:**   Please see certificate of service.

    **PLEASE TAKE NOTICE** that on September 10, 2007, plaintiff is filing the attached documents with the Clerk of the Circuit Court of Cook County, copies of which are attached hereto and hereby served upon you: **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**.

Julie Clark

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
Atty. No. 41106

## CERTIFICATE OF SERVICE

I, Julie Clark, certify that on September 10, 2007 I caused a true and accurate copy of this notice and the documents referenced therein to be served via certified and US mail upon the below-mentioned party.

**Matt Taranto**
**d/b/a Aesthetic Consulting Group**
**5001 College Blvd. Suite 216**
**Leawood, KS 66211**

Julie Clark

---

**U.S. Postal Service**
**CERTIFIED MAIL... RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7004 0550 0001 1677 8737

Sent To  *Matt Taranto*
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, June 2002                See Reverse for Instructions

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

INSPE ASSOCIATES, LTD.,                    )
                                           )
            Plaintiff,                     )
                                           )
    v.                                     )        07 CH 18656
                                           )
MATT TARANTO,                              )
doing business as AESTHETIC                )
CONSULTING GROUP,                          )
and JOHN DOES 1-10,                        )
                                           )
            Defendants.                    )

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, INSPE Associates, Ltd., respectfully requests pursuant to 735 ILCS 5/2-

801 et seq., that this Court certify the following classes, as described in Plaintiff's Class Action

Complaint:

> All persons with Illinois fax numbers (1) who, on or after July 16, 2003, or such
> shorter period during which faxes were sent by or on behalf of Aesthetic Consulting
> Group, Inc. (2) were sent faxes by or on behalf of defendant Aesthetic Consulting
> Group promoting its goods or services for sale, (3) and with respect to whom
> defendant cannot provide evidence of express consent or an established business
> relationship prior to the faxing.    *(Count I)*

> All persons with Illinois fax numbers (1) who, on or after July 16, 2004, or such
> shorter period during which faxes were sent by or on behalf of defendant Aesthetic
> Consulting Group (2) were sent faxes by or on behalf Aesthetic Consulting Group
> promoting its goods or services for sale, (3) and with respect to whom defendant
> cannot provide evidence of express consent or an established business relationship
> prior to the faxing.    *(Count II)*

> All persons with Illinois fax numbers (1) who, on or after July 16, 2002 or such
> shorter period during which faxes were sent by or on behalf of defendant Aesthetic
> Consulting Group (2) were sent faxes by or on behalf of Aesthetic Consulting Group
> promoting its goods or services for sale, (3) and with respect to whom defendant

1

cannot provide evidence of express consent or an established business relationship prior to the faxing.    (*Count III*)

Several courts have certified class actions under the TCPA. *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App., 2006); *Rawson v. C.P. Partners d/b/a Comfort Inn-O'Hare*, 03 CH 15165 (Cook Co. Cir. Ct.); *Telecommunications Design Network v. McLeodUSA, Inc.*, 03 CH 8477 (Cook Co. Cir. Ct.); *CE Design v. Trade Show Network Marketing Group, Inc.*, No. 03 CH K 964 (Cir. Ct. Kane Co., Dec. 2, 2004); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH14510 (Cook Co. Cir. Ct .); *Bogot v. Olympic Funding Chicago*, No. 03 CH 11887 (Cook Co. Cir. Ct.); *Stonecrafters, Inc. v. Wholesale Life Ins. Brokerage, Inc.*, 03 CH 435 (McHenry Co. Cir. Ct.); *Rawson v. Robin Levin d/b/a The Ridgewood Organization*, 03 CH 10844 (Cook Co. Cir. Ct.) (for settlement purposes); *Kerschner  v. Answer Illinois, Inc.*, 03 CH 21621 (Cook Co. Cir. Ct.) (for settlement purposes); *Kerschner  v. Murray and Trettel, Inc.*, 03 CH 21621 (Cook Co. Cir. Ct.) ( for settlement purposes); *Prints of Peace, Inc., d/b/a Printers, Inc. v. Enovation Graphic System, Inc.*, 03 CH 15167 (Cook Co. Cir. Ct.) ( for settlement purposes); *Law Office of Martha J. White, P.C. v. Morrissey Agency Inc.*, 03 CH 13549 (Cook Co. Cir. Ct.) (for settlement purposes); *Kerschner  v. Fitness Image, Inc.*, 04 CH 00331 (Cook Co. Cir. Ct.) (for settlement purposes); *INSPE Associates, Ltd.. v. Charter One Bank*, 03 CH 10965  (Cook Co. Cir. Ct.) (for settlement purposes); *Bernstein v. New Century Mortgage Corp.*, 02 CH 06907 (Cook Co. Cir. Ct.) (for settlement purposes); *Gans v Seventeen Motors, Inc.*, 01-L-478 (Madison Co. Cir. Ct.) (for settlement purposes); *Telecommunications Network Design, Inc. v. Paradise Distributing, Inc.*, 03 CH 8483 (Cir. Ct. Cook Co., Feb. 1, 2006); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000); *ESI Ergonomic*

*Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002);

*Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *General Repair Services*

*of Central Indiana, Inc. v. Soff-Cut International, Inc.*, 49D03-0109-CP-1464 (Marion Co., Ind.

Super. Ct., Feb. 22, 2002); *Gold Seal v. PrimeTV*, No. 49C01-0112-CP-3010 (Marion County,

Indiana, August 29, 2002); *Kenro, Inc. v. APO Health, Inc.*, No. 49D12-0101-CP-000016 (Ind.

Nov. 3, 2001) (same); *Biggerstaff v. Ramada Inn and Coliseum*, 98-CP-10-004722, (S.C. C.P.,

Feb. 3, 2000); *Biggerstaff v. Marriott International, Inc.*, 99-CP-10-001366 (C.P. S.C., Feb 20,

2000); *WPS, Inc. v. Lobel Financial, Inc.*, No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same);

*Syrett v. Allstate Ins. Co.*, No. CP-02-32-0751 (S.C.C.P. Aug. 12, 2003) (same); *Lipscomb v Wal-*

*Mart Stores, Inc.*, No. 01-CP-20-263 (S.C.C.P. June 26, 2003) (same); *Battery, Inc. v. United*

*Parcel Service, Inc.*, No. 01-CP-10-2862 July 26, 2002) (same); *Salpietro v. Resort Exchange*

*International*, No. GD00-9071 (Allegheny Co. C.P.)(same); *Chaturvedi v. JTH Tax, Inc.*, No.

CD-01-008851 (Pa. C.P. Oct 1, 2001) (same); *Inhance Corp. v. Discount Vacation Rentals*, No.

LALA 004377 (Iowa Dist. Jan. 5, 2001) (same); *Inhance Corp. v. Special T Travel Services, Inc.*,

No. LALA 004362 (Iowa Dist. Dec. 8, 2000) (same). Several others were certified in a

Louisiana federal court, against Kappa Publishing Group, Monroe Systems, and Satellink Paging

(The Advocate, Capital City Press, Dec. 28, 2005, p. 1).

       Plaintiff will file a supporting Memorandum of Law in due course.

       WHEREFORE, Plaintiff respectfully requests that this Court enter an order

pursuant to 735 ILCS 5/2-801, certifying the classes set forth above.

Respectfully submitted,

*Julie Clark*

Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

# EXHIBIT D

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Matt Taranto
d/b/a Aesthetic
Consulting Group
5001 College Plvd Suite 216
Leawood KS 66211

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
9/42

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☑ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)
7004 0550 0001 1677 8737

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

- Sender: Please print your name, address, and ZIP+4 in this box •

LAW OFFICES OF
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
120 SOUTH LASALLE STREET, 18TH FLOOR
CHICAGO, ILLINOIS 60603

MB    Q0072

# EXHIBIT E

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

INSPE ASSOCIATES, LTD.,

      Plaintiff,

      v.

MATT TARANTO,
doing business as AESTHETIC
      CONSULTING GROUP,
and JOHN DOES 1-10,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

07 CH 18656

**NOTICE OF MOTION**

**TO**:   Please see Certificate of Service.

      **PLEASE TAKE NOTICE** that on September ___4___, 2007 at 10:00 a.m., we shall appear before Judge Kinnaird in Room 2403 of the Richard J. Daley Center and then and there present: **PLAINTIFF'S MOTION FOR DESIGNATION OF RELATEDNESS,** a copy of which is attached and hereby served upon you.

Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Julie Clark, certify that I had a copy of the foregoing document sent on August 27, 2007 by United States Mail to the parties named below:

**Matt Taranto**
**d/b/a Aesthetic Consulting Group**
**5001 College Blvd. Suite 216**
**Leawood, KS 66211**

Julie Clark

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| INSPE ASSOCIATES, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07 CH 18656 |
| | ) | |
| MATT TARANTO, | ) | |
| doing business as AESTHETIC | ) | |
| CONSULTING GROUP, | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION FOR DESIGNATION OF RELATEDNESS

Plaintiff respectfully requests that this Court enter an order designating this case as related to all other cases alleging violations of the Telephone Consumer Protection Act ("TCPA") currently pending in the Circuit Court of Cook County pursuant to General Order 22. A copy of plaintiff's complaint is attached hereto as **Appendix A**.

Plaintiff further requests that this Court enter an order reassigning this case to Judge Rochford. In support of this motion, plaintiff states the following:

1.    On May 28, 2002, the parties in *Whiting Corp. v. PageComm of Illinois*, 02 CH 6335, and *Construction Consulting Group v. PageComm of Illinois*, 02 CH 7824, were before Judge Kinnaird on motions to consolidate those cases. At that hearing, Judge Kinnaird instructed the respective plaintiffs' counsels to make motions for designation of relatedness of their TCPA cases currently pending in the Circuit Court of Cook County. This motion is submitted pursuant to that instruction.

-1-

2.    Previously, fax cases were reassigned to Judge McGann.

3.    Judge McGann has recently been reassigned to the County Division.

4.    Because the earliest pending TCPA case which is not assigned to Judge McGann, *Telecommunications Network v. Bach Business Credit Inc.*, 03 CH 9246, (**Appendix B**) is assigned to Judge Donnersberger, this Court ordered fax cases filed after Judge McGann transferred divisions, reassigned to Judge Donnersberger. *Scott R. Fladland D.C. v. Sourceone Healthcare, Inc.*, 05 CH 20090. (**Appendix C**)

5.    Presently, Judge Rochford is presiding over TCPA related matters.

6.    The defendant will not be prejudiced by the granting of this motion.

WHEREFORE, plaintiff respectfully requests that this Court enter an order, attached hereto as **Appendix D**, designating this case as related to other cases alleging violations of the Telephone Consumer Protection Act ("TCPA") currently pending in the Circuit Court of Cook County pursuant to General Order 22 and reassigning this matter to Judge Rochford.

Respectfully submitted,

*Julie Clark*

Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

-2-

# APPENDIX A

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| INSPE ASSOCIATES, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MATT TARANTO, | ) |
| doing business as AESTHETIC | ) |
| CONSULTING GROUP, | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

07CH 18656

### COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.     Plaintiff INSPE Associates, Ltd. brings this action to secure redress for the actions of defendant Matt Taranto doing business as Aesthetic Consulting Group, in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.     The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the use of its fax machine.  The recipient also wastes valuable time it would have spent on something else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

**PARTIES**

3.     Plaintiff INSPE Associates, Ltd. is a corporation with offices in Chicago, Illinois, where it maintains telephone facsimile equipment.

4.     Defendant Matt Taranto conducts business as Aesthetic Consulting Group ("ACG") at 5001 College Blvd., Suite 216, Leawood, KS 66211.

5.     Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

**JURISDICTION AND VENUE**

6.     Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

a.     Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

b.     Have transacted business in Illinois.

**FACTS**

7.     On or about June 12, 2007,  plaintiff INSPE Associates, Ltd.  received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8.     Discovery may reveal the transmission of additional faxes as well.

9.     Defendant ACG is responsible for sending or causing the sending of the faxes.

10.     Defendant ACG, as the party whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

11.     Plaintiff had no prior relationship with defendant and had not authorized

2

the sending of fax advertisements to plaintiff.

12.    The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

13.    On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

14.    On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

15.    There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

16.    Plaintiff incorporates ¶¶ 1-15.

17.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

18.    The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

3

(C) both such actions.

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

19.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

20.     Plaintiff and each class member is entitled to statutory damages.

21.     Defendants violated the TCPA even if their actions were only negligent.

22.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

23.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), or such shorter period during which faxes were sent by or on behalf of defendant ACG, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant ACG promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

24.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

25.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common

questions include:

        a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

        b.     The manner in which defendants compiled or obtained their list of fax numbers;

        c.     Whether defendants thereby violated the TCPA;

        d.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

        e.     Whether defendants thereby converted the property of plaintiff.

26.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

27.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

28.    Several courts have certified class actions under the TCPA. Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844 (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of

Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of

Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement

action).

    29.    Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

    WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendants for:

        a.    Actual damages;

        b.    Statutory damages;

        c.    An injunction against the further transmission of unsolicited fax

advertising;

        d.    Costs of suit;

        e.    Such other or further relief as the Court deems just and proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

    30.    Plaintiff incorporates ¶¶ 1-15.

    31.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2,

815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

    32.    Unsolicited fax advertising is contrary to the TCPA and also Illinois law.

720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois

residents.

    33.    Defendants engaged in an unfair practice by engaging in conduct that is

contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

6

34.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

35.     Defendants engaged in such conduct in the course of trade and commerce.

36.     Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

37.     Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

38.     Defendants should be enjoined from committing similar violations in the future.

<u>CLASS ALLEGATIONS</u>

39.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date three years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant ACG, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant ACG promoting its goods or services for sale (d) and with respect to whom defendant

7

cannot provide evidence of express consent or an established business relationship prior to the faxing.

40.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

41.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    Whether defendants thereby violated the TCPA;

c.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

d.    Whether defendants thereby converted the property of plaintiff.

42.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

43.    A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

44.    Management of this class action is likely to present significantly fewer

difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Appropriate damages;

b.    An injunction against the further transmission of unsolicited fax advertising;

c.    Attorney's fees, litigation expenses and costs of suit;

d.    Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

45.    Plaintiff incorporates ¶¶ 1-15.

46.    By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

47.    Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

48.    By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

49.    Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

50.    Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member

9

thereby suffered damages as a result of receipt of the unsolicited faxes.

51.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

52.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, or such shorter period during which faxes were sent by or on behalf of defendant ACG, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant ACG promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

53.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

54.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.     Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.     Whether defendants thereby violated the TCPA;

c.     Whether defendants thereby committed the tort of conversion;

d.     Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

e.    Whether defendants thereby converted the property of plaintiff.

55.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

56.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

57.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.    Appropriate damages;

b.    An injunction against the further transmission of unsolicited fax advertising;

c.    Costs of suit;

d.    Such other or further relief as the Court deems just and proper.

_____
Daniel A. Edelman

Daniel A. Edelman

11

Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

K:\GENERAL\unsolicitedFAX\cmplt.acg.wpd

12

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

13

# EXHIBIT A

# *Still using a crystal-based microdermabrasion system?*

The DiamondTome Particle Free Skin Resurfacing System is the #1 microdermabrasion system in the US.

See for yourself why the DiamondTome is making older, crystal-based systems obsolete.

## DIAMONDTOME



AESTHETIC

### For more information, contact ACG at:
### Ph-913-338-2553    Fx-913-338-2571

☐  Please schedule in in-office demonstration

☐  I am unable to attend but I would like someone to contact me

Name:_____

Phone:_____  Fax:_____

Email:_____  Contact:_____

Address:_____  State_____ Zip:_____

*You may request the sender not to send future faxes to your fax machine by calling 1-800-841-3020 ext. 41310 or by faxing 1-913-338-2571 and listing your fax number and specifying "Opt Out".*

# APPENDIX B

01-19-06     03:39pm     From-AndersonWanca     1B473681501     T-335   P.002   F-753

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

TELECOMMUNICATIONS NETWORK       )
DESIGN, INC., an Illinois corporation,    )
individually and as the representative for   )
a class of similarly-situated persons,    )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )
                                          )       JURY TRIAL DEMANDED
BACH BUSINESS CREDIT, INC.,               )
                                          )
                    Defendant.            )

**FILED**
MAY 30 2003
DOROTHY BROWN
CLERK OF CIRCUIT COURT

03 CH 09246

### CLASS ACTION COMPLAINT

Plaintiff, TELECOMMUNICATIONS NETWORK DESIGN, INC. (herein "Plaintiff"), brings this action on behalf of itself and all other persons similarly situated through its attorneys, and except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, BACH BUSINESS CREDIT, INC. (herein "Defendant"):

### PRELIMINARY STATEMENT

1.     This case challenges Defendant's policy and practice of sending unsolicited faxes to fax machines throughout the United States even when it knows or should know that it did not have the recipient's permission to receive advertising from Defendant and had no procedures in place to retain recipient permission required by state and federal law.

2.     47 USC § 227(a)(2) prohibits a person or entity from sending or having an agent sent unsolicited faxed advertisements. 47 USC § 227 (a)(2) sets minimum statutory damages for each violation of the Act at $500.00, which damages can be trebled for knowing or willful violation.

3.    720 ILCS 5/26-3(b) makes it a petty criminal offense to transmit unsolicited facsimile advertisements to Illinois residents and sets a $500.00 fine for each violation of this criminal statute.

4.    The Illinois and federal statutes, which prohibit the transmittal of unsolicited fax advertisements, recognize that the recipients of such faxes are damaged. Transmittal of unsolicited fax advertisements causes the recipients to pay for paper and ink toner related to the receipt of unsolicited faxes, which items otherwise would have been used for authorized facsimiles. Such transmittals also prevent the recipient fax machines from receiving authorized faxes, cause undue wear and tear on the recipient fax machines, and require additional labor of staff to attempt to discern the source and purpose of the unsolicited message.

5.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the Telephone Consumer Protection Act, 47 USC § 227 ("TCPA"), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, and the common law of conversion.

6.    Plaintiff seeks an award of statutory damages for each violation, punitive damages and attorney fees for Defendant's willful and intentional violation of state and federal law.

## JURISDICTION AND VENUE

7.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein. Defendant is authorized and licensed to do business in this state. Defendant's office located in Irvine, California, was the originator of the fax transmission at issue in this case.

8.    Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because the illegal fax transmission took place between Defendant's office in Irvine, California, and

18473681501          T-335   P.0D4/D16   F-753

01-19-06    03:39pm    From-AndersonWanca

Plaintiff's office located in Rolling Meadows, Illinois. The wrongful conduct took place within Cook County, Illinois.

9.    Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

10.    Plaintiff is an Illinois corporation with its offices located in Rolling Meadows, Cook County, Illinois.

11.    Defendant is a California corporation with its principal place of business at 17782 Cowan Avenue, Suite C, Irvine, California.

## FACTS

12.    On or about May 18, 2003, at about 12:06 p.m., Defendant transmitted by telephone facsimile machine an unsolicited advertisement [as defined by 47 USC § 227, et seq. and 720 ILCS 5/26-3(b) and (c)] to a facsimile machine owned by Plaintiff, violating Illinois and federal statutory prohibitions against the transmittal of unsolicited facsimiles. A copy of that facsimile is attached hereto and marked as Exhibit A.

13.    Plaintiff had no prior business relationship with Defendant and never authorized Defendant to sent fax advertisements to Plaintiff.

14.    Defendant failed to disclose the following material information on the facsimile as required by 47 USC § 227(d)(1)(B) and 47 CFR § 68.13(d): (1) the date and time the fax was sent, (2) the identity of the Defendant, and (3) the telephone numbers of the sending machine and of the Defendant. Defendant sent the facsimile to Plaintiff and the other recipients without

obtaining their prior express invitation or permission. On information and belief, Defendant has sent thousands of similar unsolicited facsimile advertisements throughout the State of Illinois and the United States.

15.    On information and belief, Defendant sent the fax attached hereto as Exhibit A.

16.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

<u>COUNT I</u>
<u>TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227</u>

17.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

18.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons (1) who on or after a date four years prior to the filing of this action, (2) were sent an advertising fax by Defendant, and (3) with respect to whom Defendant cannot provide evidence of consent or a prior business relationship.

19.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class that predominate over questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)   Whether Defendant willfully or knowingly violated the provisions of 47 USC § 227;

(iv)   Whether Defendant engaged in unfair practices;

(v)   Whether Defendant committed the tort of conversion;

(vi)   Whether Defendant engaged in willful or wanton conduct entitling Plaintiff and the other members of the class to treble damages;

(vii)   Whether Defendant should be enjoined from committing similar violations in the future; and

(viii)   Whether Defendant violated the provisions of 47 USC § 227.

20.   Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff has retained counsel who is experienced in handling class actions and claims involving lawful business practices.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

21.   A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

22.   The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine . . . ."

23.   The TCPA provides:

3. <u>Private right of action.</u>  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

    (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C)    Both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.  47 USC § 227(b)(3)

24.    Defendant violated 47 USC § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their consent and without having had a prior business relationship with them.

25.    Defendant's actions caused damages to Plaintiff and the other class members, because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result.

26.    If the evidence shows Defendant's violation was willful, Plaintiff requests that the court treble the damages.

WHEREFORE, Plaintiff, TELECOMMUNICATIONS NETWORK DESIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, BACH BUSINESS CREDIT, INC., as follows:

A.    That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater, and, if Defendant's violation was willful, increase the award to three times the amount awarded per violation;

C.    That the court award attorney's fees costs;

D.    That the court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

E.    Awarding such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

27.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

28.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent an advertising fax by Defendant, and (3) with respect to whom Defendant cannot provide evidence of consent or a prior business relationship.

29.    A class action is proper in that:

(a).    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class that predominate

over all questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax

advertisements;

(ii)    The manner and method Defendant used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxed

advertisements; and

(iii)    Whether Defendant committed the tort of conversion.

30.    Plaintiff will fairly and adequately protect the interests of the other class

members. Plaintiff has retained counsel who is experienced in handling class actions and claims

involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel has any interests

adverse or in conflict with the class.

31.    A class action is an appropriate method for adjudicating this controversy fairly

and efficiently. The interest of the individual class members in individually controlling the

prosecution of separate claims is small and individual actions are not economically feasible.

32.    By sending Plaintiff and the other class members unsolicited faxes, Defendant

improperly and unlawfully converted their fax machine toner and paper to its own use.

33.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other

class members owned an unqualified and immediate right to possession of their fax machine

paper and toner.

34.    By sending the unsolicited faxes, Defendant permanently misappropriated the

class members' fax machine toner and paper to Defendant's own use. Such misappropriation

was wrongful and without authorization.

35.    Defendant knew or should have known that its misappropriation of paper and toner was wrongful and without authorization.

36.    Plaintiff and the other class members were deprived of paper and toner, which could no longer be used for any other purpose.  Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

37.    Plaintiff and the other members of the class have been damaged by reason of their loss of toner, paper, and the unauthorized and unlawful wear and tear on their facsimile machines.

WHEREFORE, Plaintiff, TELECOMMUNICATIONS NETWORK DESIGN, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, BACH BUSINESS CREDIT, INC., as follows:

A.    That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the court award appropriate damages;

C.    That the court award costs of suit; and

D.    Awarding such further relief as the court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

38.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

39.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, brings Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois (1) who on or after a date three years prior to the filing of this action, (2) were sent an advertising fax by Defendant, and (3) with respect to whom Defendant cannot provide evidence of consent or a prior business relationship.

40.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class that predominate over all questions affecting only individual class members including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)    Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v).    Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

41.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the class.

42.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

43.    Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, because it forced Plaintiff and the other class members to incur expense without any consideration.

44.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

45.    Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, and wear and tear on their facsimile machines.

WHEREFORE, Plaintiff, TELECOMMUNICATIONS NETWORK DESIGN, INC., individually and on behalf of all others similarly situated demands judgment in its favor and against Defendant, BACH BUSINESS CREDIT, INC., as follows:

A.    That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.    That the court award damages to Plaintiff and the other class members;

C.    That the court award attorney fees and costs;

01-19-06    03:40pm    From-Anderson Wanca                    18473681501              T-335    P.013/016    F-753

D.      That the court enter an injunction prohibiting Defendant from sending unsolicited

faxed advertisements to Illinois consumers; and

E.      Awarding such further relief as the court may deem just and proper, but in any

event, not more than $75,000.00 to any individual member.

Respectfully submitted,

TELECOMMUNICATIONS NETWORK
DESIGN, INC., Individually and as the
Representative of a Class of Similarly-Situated
Persons

By:  _____
     One of Plaintiff's Attorneys

JURY DEMAND

Plaintiff demands trial by jury.

_____
One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Attorney No. 51306

Phillip A. Bock
Malik R. Diab
Thomas G. Macey
Robert M. Hatch
MACEY, CHERN & DIAB
444 N. Wells, Suite 301
Chicago, IL 60610
Telephone: 312/467-0004
Attorney No. 38190

12

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )

## VERIFICATION

I, *Amy Tookey*, being first duly sworn on oath, depose and state as follows:

1.    That I am the *Office Manager* of Telecommunications Network Design, Inc.

2.    That I am authorized to make this Verification on behalf of Telecommunications Network Design, Inc.

3.    That I have read the allegations of this Class Action Complaint and find that the facts stated therein are true and correct, except to those matters alleged on information and belief which, to the best of my knowledge, information, and belief, are true and correct.

*Amy Tookey*

SUBSCRIBED and SWORN to before me
this 27th day of May        2003.

*Tina L. Lillibridge*
Notary Public

```
"OFFICIAL SEAL"
TINA L. LILLIBRIDGE
Notary Public, State of Illinois
My Commission Expires 00/00/03
```

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847/368-1500
Attorney No. 51306

**EXHIBIT A**

01-19-06   03:40pm   From-AndersonWanca                    18473681501                    T-335   P.016/016   F-753



# BACH
### BUSINESS CREDIT INC.

Bach Business Credit, Inc. is pleased to offer a pre-qualified equipment line of credit for upcoming capital equipment acquisitions. Any transaction under the amount of $100,000.00 will not require financial information for your convenience.* Bach Business Credit can offer customized lease/financing arrangements such as seasonal and deferred payment plans with flexible terms. Your business is very important to Bach Credit and I look forward to answering any questions you may have, so please call me at 949-222-2271.

Bach Business Credit has the right products and services to meet unique business requirements. Please keep this reference for future inquiries:

| | |
|---|---|
| Services: | • Equipment financing and leasing** |
| | • Fleet leasing (Vehicle financing) |
| Advantages: | • New/Used equipment and vehicles |
| | • No bank covenants |
| | • 100% financing available |
| | • Preservation of cash flow |
| Transaction Size: | • $2,000 to $100,000 no financials required |
| | • $100,000.00 to $5,000,000.00 financials required |
| Terms: | • 12, 24, 36, 48, 60, 72 months |
| Effective: | • Approvals remain in effect for 90 days |

\* Only if credit event is in top-tier standing.
\*\* NO WORKING CAPITAL.

Bach Business Credit would like to compete for your business and provide a competitive bid on any upcoming purchasing projects. Complete the information below so that we may update your company's records in our database. I appreciate the opportunity to earn your business and I look forward to hearing from you soon.

Long Nguyen
949-222-2271 Direct

Updated Company Information:                                    Fax To: 949-222-0277

| | | | |
|---|---|---|---|
| COMPANY NAME: | | Time In Business | |
| Address: | | | |
| Business Phone # (    ) | | Fax # (    ) | |
| PRINCIPAL: | Title | Social Security Number | |
| BANK NAME: | Account Number | Phone Number | |
| TRADE 1 NAME: | Contact | Phone Number | |
| TRADE 2 NAME: | Contact | Phone Number | |

The Bach legal process authorizes to obtain balances, credit, etc., name the applicant's company. I do not need what publicly required might out of the information statement indicated that what is violating a law leaks in considering the register for the purpose of opening, extending and closing of such case. A gateway is located at site seen that no card is owned.

Signature: _____                    Date: _____

If you have received this fax in error call 1.800.895.5169 to be removed
www.bachbusinesscredit.com

# APPENDIX C

ORDER                                        CCG N002-300M-2/28/05(43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Scott R. Fladlod, D.C.

v.                                    No. 05 CH 20090

Sourceone Healthcare Technologies, Inc.

### ORDER

This matter coming to be heard on plaintiff's motion for designation of relatedness, all parties having notice & the Court being fully advised in its premises IT IS HEREBY ORDERED:

Plaintiff's motion is granted pursuant to Cook Co. Circuit Rule 22.1.

The above entitled & numbered cause having been previously assigned to Judge Brosteein is redesigned to Judge Dorinersberger as related to other cases alleging violations of The Telephone Consumer Protection act, Telecommunications Network v. Bock Business Credit, Inc., 03 CH 9246.

It is hereby ORDERED that the above entitled cause is hereby forwarded to Dorothy Brown Clerk of Circuit Court of Cook Co. for reassignment to Judge Dorinersberger.

Atty. No.: 41106

Name: Edelman Combs Lattuner Goodwin, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle, H. 18th fl.

City/State/Zip: Chicago, IL 60603

Telephone: 312 739 4200

ENTERED:

# ENTERED

Dated: _____
JAN 25 2006

JUDGE
DOROTHY KIRIE KINNAIRD • 276
Judge                          Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# APPENDIX D

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| INSPE ASSOCIATES, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07 CH 18656 |
| | ) | |
| MATT TARANTO, | ) | |
| doing business as AESTHETIC | ) | |
| CONSULTING GROUP, | ) | |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter coming to be heard on plaintiff's motion for designation of relatedness, all parties having notice and the court being fully advised in its premises, IT IS HEREBY ORDERED:

Plaintiff's motion is granted pursuant to Cook County Circuit Rule 22.1.

The above-entitled and numbered cause having been previously assigned to Judge Meacham is reassigned to Judge Rochford as related to other cases alleging violations of the Telephone Consumer Protection Act, *Telecommunications Network v. Bach Business Credit Inc.,* 03 CH 9246.

The above-entitled and numbered cause is hereby forwarded to Dorothy Brown, Clerk of the Circuit Court of Cook County for reassignment to Judge Rochford.

The case management date set for November 30, 2007 at 10:15 a.m. is hereby stricken.

**ENTERED:**

**Dated:** _____

_____                   _____
**Judge**                                                                      **Judge's No.**

Atty. No. 41106
Edelman, Combs, Latturner & Goodwin, LLC
Atty. for Plaintiff
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
312-739-4200