**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INSPE ASSOCIATES, LTD. )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>)<br>MATT TARANTO, doing business as )<br>AESTHETIC CONSULTING GROUP, and )<br>JOHN DOES 1-10, )<br>)<br>Defendant. ) | Case No.  07 C 6941<br><br>Judge Norgle<br>Magistrate Judge Cox |

**DEFENDANT, MATT TARANTO'S, RESPONSE MEMORANDUM TO
PLAINTIFF'S MOTION TO REMAND**

**NOW COMES** Defendant, MATT TARANTO, by and through his attorneys, Eric L. Samore and Molly A. Arranz of SmithAmundsen LLC, and submits this Response Memorandum in opposition to Plaintiff's Motion to Remand ("Plaintiff's Motion").

**I.    STATEMENT OF THE CASE.**

Plaintiff, Inspe Associates Ltd (hereinafter "Inspe"), filed with the Circuit Court of Cook County a class action complaint, alleging a violation of the Telephone Consumer Protection Act of 1991, 27 U.S.C. §227, *et seq.* ("TCPA"), a violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA") and conversion.  Defendant removed this action from the state court.

Plaintiff has now requested that this Court remand the case to the state court claiming that "Defendant was served on July 23, 2007," as opposed to when Defendant received the Complaint from his counsel, November 15, 2007.  (*See* Pl.'s Mot., ¶¶ 2, 6.)  The only evidence Plaintiff presents regarding service of process is an affidavit of service and an amended affidavit of service, which was modified only after Defendant notified Plaintiff of the failure to serve.  (*See*

Case No. 07 C 6941                                                                                                   Firm No. 3006186

*id.*, ¶ 3.) However, the amended Affidavit of Service, generated four to five months after the original affidavit, is completely contradicted by two affidavits by Defendant, which verify that Mr. Taranto was not served on July 23, 2007 and that removal was timely.

Defendant, Matt Taranto, is the President and owner of a company, The Taranto Group, which does business as Aesthetic Consulting Group and is located at 5001 College Blvd., Suite 216, Leawood, Kansas. (Matt Taranto Aff., ¶ 1, attached hereto as **Exhibit A**.) Mr. Taranto does not have an agent or representative for purposes of service in the State of Illinois. (*See id.*)

At Mr. Taranto's place of business, visitors to his office space are first greeted by Susan Briney, the receptionist and office manager for Aesthetic Consulting Group. (Taranto Aff., ¶ 3; Susan Briney Aff., ¶ 2, attached hereto as **Exhibit B**.) A guest to Mr. Taranto's office cannot directly access him; he or she must first notify Ms. Briney. (Taranto Aff., ¶ 3.) In fact, Mr. Taranto's office is located away from the entrance, at the very farthest point from the entrance, and is not accessible to passersby. (*Id.*, ¶ 2.)

Both Mr. Taranto and his receptionist, Susan Briney, affirm under oath that Mr. Taranto could not have been served with summons and complaint on July 23, 2007. (Taranto Aff., ¶¶ 5-6; Briney Aff., ¶ 5.) These affiants base these avowals on facts that include: no visitor to Defendant's office would have gained access to Matt Taranto without first notifying Susan Briney; neither Mr. Taranto nor Ms. Briney have any recollection of any person asking for Mr. Taranto on the day at issue; service with process would be a highly memorable event for Mr. Taranto since he has never been served with process of court documents; and, neither individual has any record, notation, or indication of any process server coming to the office on that date. (Taranto Aff., ¶¶ 4-7; Briney Aff., ¶ 5.)

Case No.  07 C 6941                                                                                           Firm No. 3006186

Furthermore, the physical description provided on the amended affidavit of service does not accurately describe Mr. Taranto.  (*See* Exh. B to Pl.'s Mot.)  The affidavit describes the served person as a white male, between 30 and 35 years, weighing 170 pounds and having black hair.  (*See id.*)  However, Mr. Taranto weighs approximately 200 lbs, has light to medium brown hair, and is forty-three (43) years old.  (Taranto Aff., ¶ 7.)

Defendant first received the Complaint when his counsel forwarded the pleading to him via facsimile on November 15, 2007.  (Taranto Aff., ¶ 4.)  He had not previously seen the allegations pled against him.  (*See id.*)  Defendant filed his Notice of Removal, attaching the documents within his possession for this case, on December 10, 2007, which was within thirty days of his first receiving the Complaint.  Therefore, removal was timely.

**II.   DEFENDANT PROVIDES CLEAR AND SATISFACTORY EVIDENCE SHOWING THAT SERVICE OF SUMMONS AND COMPLAINT WAS NOT PROCESSED IN THIS MATTER.**

To impeach proof of service, a party may submit supporting documentation or other corroborating evidence.  *Torrespico v. Columbia College*, Case No. 97-8881, 1998 U.S. Dist. LEXIS 15714, *17 (N.D. Ill. Sept. 29, 1998)(citing *Paul v. Ware*, 258 Ill. App. 3d 614, 630 N.E.2d 955, 958 (1st Dist. 1994)).  An affidavit by the defendant denying the propriety of service, substantiated by other evidence, can be adequate to overcome any presumption favoring an affidavit of service.  *See id.*

In *Torrespico*, the Northern District found that other affidavits, which supported defendant's position of no service, was "clear and satisfactory evidence sufficient to overcome the presumption that [Defendant] was personally served."  *Id.* at *18-*19.  In that case, the Plaintiff had submitted an Affidavit of Service and had sought remand.  *Id*. at *19.  The Court denied the Motion to Remand, explaining that aside from the Defendant's own affidavit denying

Case No. 07 C 6941                                                                                       Firm No. 3006186

personal service, the additional affidavits contradicted the Plaintiff's proof and supported Defendant's contention that no personal service was made. *Id.* at *19. The affidavits showed the underlying facts of the day of purported service to detail how service was not possible, even though Plaintiff had provided an affidavit of service stating otherwise. *Id.* at *17, *19. These factual details in the defendant's affidavits sufficed to rebut the presumption of service shown by the affidavit submitted by the Plaintiff. *Id.* at *19. The Court noted that although defendant's affidavit, standing alone, would be insufficient, "the corroboration provided by the affidavits of two other people easily suffices to establish the clear and satisfactory evidence necessary to impeach the return." *Id.* at *20.

Here, as in *Torrespico*, Defendant has provided clear and compelling corroboration of what Mr. Taranto's affidavit affirms: that Defendant was never served with process. Both Mr. Taranto and Ms. Briney have submitted unambiguous, detailed evidence of the underlying facts, which impeaches the affidavit of service by the Plaintiff. Specifically, both affiants testify that any visitor, such as a process server, to Mr. Taranto's offices would have had to have met with Susan Briney first. (Taranto Aff., ¶ 3; Briney Aff., ¶ 2.) Only after identifying himself to Ms. Briney would this receptionist call Defendant from his office, which is located at the farthest point away from the entrance to the office space. (Taranto Aff., ¶¶ 2-3.) This was a protocol followed by Mr. Taranto well before the purported date of service. (*Id.*, ¶ 3.) In other words, Mr. Taranto could not be served with summons and complaint unless both Ms. Briney and he were notified and he was specifically called to the front of the offices for such service on July 23, 2007. That did not happen here. (Taranto Aff., ¶¶ 3, 6; Briney Aff., ¶¶ 2, 5.) Plaintiff has provided no other evidence of service beyond an amended affidavit of service, which, in and of itself, shows on its face that the process server encountered a person of a different physical

Case No.  07 C 6941                                                                                      Firm No. 3006186

description than Mr. Taranto.  Plaintiff's evidence is fully refuted by Defendant's sworn submissions.

In other words, Defendant has presented two affidavits that indisputably indicate by specific facts how service could not have been effected, which is in stark contrast to Plaintiff's affidavit of service; this type of evidence has been found to impeach an affidavit of service by Plaintiff.  *Torrespico*, 1998 U.S. Dist. LEXIS 15714 at *17, *19.  Therefore, Plaintiff's Motion should be denied because within thirty days of when Defendant first received the Summons and Complaint, November 15, 2007, Defendant removed this action from the state court.[1]

### III.  PLAINTIFF'S FORWARDING DISCOVERY OR OTHER DOCUMENTS CANNOT SUBSTITUTE AS SERVICE OF PROCESS.

Though Plaintiff never explicitly makes this argument, it appears that Plaintiff attempts to assert that because Defendant admits to having received discovery documents on November 2, 2007 and because Plaintiff claims to have served Defendant with a Motion for Class Certification and Motion for Designation of Relatedness, the sending or service of these other documents affect the time for removal.  (Pl.'s Mot., ¶¶ 7-10.)  However, if this is the argument advanced by Plaintiff, then it is not only unclear but is also ineffectual[2].  "'An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.'"  *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 530 (7th Cir. 2004)(citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S. Ct. 1322 (1999)).  Therefore, Plaintiff cannot claim that Defendant did not timely remove this action based upon the sending of other documents in this case that did not constitute formal

---

[1] Of note, Defendant does not contest the purported service of November 15th even though Mr. Taranto was never formally served with the summons and complaint in Kansas.

[2] Plaintiff provides an outline of what materials it forwarded to Defendant from the end of August to the beginning of November 2007 but then simply states that "Defendant's contentions surrounding what was received and when simply are not supported by the record."  These assertions do not affect the 30-day period for removal, which is triggered only by proper service of the summons and complaint.

Case No. 07 C 6941                                                                                          Firm No. 3006186

process of the summons and complaint.

The notice of removal of a civil action shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading or within thirty days after the service of summons upon the defendant. *Murphy*, 526 U.S. at 348-49. As established by *Murphy* and reiterated by *Boyd*, "'a named defendant's time to remove is triggered by simultaneous service of the summons and complaint or receipt of the complaint…after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.'" *Boyd*, 366 F.3d at 530 (citing *Murphy*, 526 U.S. at 347-48). A person or entity "'becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.'" *Id.* The summons serves as the "*sine qua non* directing an individual or entity to participate in a civil action…" *Murphy*, 526 U.S. at 351. If Courts were to find otherwise, than "one's procedural rights [would] slip away…before one is subject to any court's authority." *Id.* at 356.

Here, Plaintiff identifies the sending of documents—other than service of the summons and Complaint—to the Defendant. (Pl.'s Mot., ¶¶ 7-9.) Defendant explained in its Notice of Removal that it had received discovery from the Plaintiff prior to receiving notice of the initial pleading via facsimile from defense counsel on November 15, 2007. (*Id.*, ¶ 6.) Plaintiff then also claims that it served a Motion for Class Certification in September 2007 and a Motion for Designation of Relatedness in August 2007. (*Id.*, ¶¶ 8-9.) However, the documents sent by certified mail were not served on Matt Taranto, the individual Defendant in this matter, but, as Plaintiff notes, were accepted by a person beside Matt Taranto. In the end, this outline of events regarding discovery and motions filed, which do not include the formalized service of process on

Case No.  07 C 6941                                                                                      Firm No. 3006186

Defendant, are insufficient to trigger the date for removal.  Defendant was not obliged to engage in litigation until brought under a court's authority by formal process.  *Boyd*, 366 F.3d at 530.  In this regard, Defendant has provided evidence, *supra*, of how he was not served with formal process and only became aware of his liability under the Complaint via his counsel's transmission to him on November 15, 2007.  Plaintiff cannot claim that Defendant became a party by any other document than a ***summons and complaint***.

Contrary to Plaintiff's lengthy citations regarding a plaintiff's "right to remand," Defendant ***did*** take the right steps for removal and complied with the statutory requirements. (*See* Pl.'s Mot., ¶ 11.)  Given that Defendant removed this case within thirty days of the November 15, 2007 date on which he received the Complaint, for the first time, from his counsel, and that Defendant has provided two, uncontroverted affidavits verifying that Defendant was not served on July 23, 2007, Plaintiff's Motion to Remand should be denied.  There is plain evidence that Defendant timely removed within thirty days of receiving the Complaint.

WHEREFORE, Defendant, Matt Taranto, respectfully requests that the Court deny Plaintiff's Motion to Remand and grant such other relief as this Court deems just and appropriate.

                                                            Respectfully Submitted,


                                    By:       /s/     Molly A. Arranz
                                              Attorneys for Defendant,
                                              MATT TARANTO

Eric L. Samore ARDC # 6181345
Molly A. Arranz ARDC # 6281122
SMITH AMUNDSEN, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

Case No.  07 C 6941                                                                Firm No. 3006186

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 18th day of January 2008, she served the Defendant, Matt Taranto's **Response Memorandum to Plaintiff's Motion to Remand** on:

> Daniel A. Edelman
> Cathleen M. Combs
> James O. Latturner
> Julie Clark
> Edelman Combs Latturner & Goodwin LLC
> 120 S. LaSalle Street
> 18th Floor
> Chicago, IL  60603

This pleading was served upon the attorneys, as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x]     Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: January 18, 2008.


_____/s/ Molly A. Arranz_____