IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INSPE ASSOCIATES, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 07 C 6941 |
| ) | |
| MATT TARANTO, ) | Judge Norgle |
| doing business as AESTHETIC ) | |
| CONSULTING GROUP, ) | |
| and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND**

Plaintiff INSPE Asspciates, Ltd. has moved to remand this matter to state court pursuant to 28 U.S.C. § 1441(c) due to defendant's failure to file its removal petition in a timely fashion.

In its response, defendant argues that its request for removal was timely and service was not effected as plaintiff claims. It attaches two affidavits which purport to contradict the affidavit(s) of service provided by the process server. The affidavits do not state that some other party was served or that Mr. Taranto was not present on that date that service was said to take place. Rather, they simply state that, while he *was* present that day, he does not recall being served. He further explains the layout of his office and his physical description.

Defendant relies on <u>Torrespico v. Columbia College</u>, 1998 U.S. Dist. LEXIS 15714 (N.D.Ill. Sept. 30, 1998). There, the Illinois Supreme Court held that an affidavit of service constitutes prima facie evidence of proper service." <u>Torrespico,</u> 1998 U.S. Dist. LEXIS 15714 (*citing* <u>In re Jafree</u>, 93 Ill.2d 450, 454, 444 N.E.2d 143 (1982)). Plaintiff does not dispute

1

that a return of service may so be contested, however, as the Torrespico Court explained, "Courts will not set aside return affidavits unless the defendant has "impeached the return by clear and satisfactory evidence." Id. (*citing* In re Jafree, 93 Ill.2d at 454). "An uncorroborated defendant's affidavit denying the propriety of service is inadequate to overcome the presumption favoring an affidavit of service." Id.

Here, defendant supplies two affidavits, one from Matt Taranto and one from Susan Briney in an effort to impeach the return of service. However, even with the Briney affidavit, defendant has not provided "clear and satisfactory evidence" which should require that the return of service be set aside. In fact, when compared to the evidence and affidavits provided in the Torrespico case, it clearly is not enough.

In Torrespico the plaintiff claimed that service was effected by delivering the summons and complaint to defendant's mother at the mother's address. However, the defendant provided an affidavit stating that she did not reside at her mother's home at the time of service. Her husband provided a corroborating affidavit also stating that service did not take place at the couple's home. The address listed on the return of service was the address of the mother's home and the mother also testified that *she* was the one who was served. The mother also testified that she told the process server that her daughter was staying with her for the Thanksgiving holiday but was then visiting a friend. That friend even submitted an affidavit swearing that Barreto was at her house from approximately 7:30 or 8:00 p.m. until midnight (the time of service). Torrespico v. Columbia College, 1998 U.S. Dist. LEXIS 15714 (N.D.Ill. Sept. 30, 1998). Surely, this can be seen as "clear and convincing" but what the defendant in this case has provided does not even approach this amount of evidence. Defendant merely denies that he was

served. In an attempt to "corroborate" this, he provides the affidavit of his receptionist who arrives at 9:00 am and states that she does not recall any process server. Considering that service occurred at 9:00 am it is quite likely that she would not have seen or spoken with him.

While the evidence in the Torrespico case was found to be clear and convincing such that the Court was able to find that service was not effected, the Court there was presented with much more and was in fact presented with evidence. The Torrespico court received four affidavits explaining that (1) defendant did not reside at the address in question; (2) defendant was not served at her correct address; (3) it was someone else who was served; and (4) she was with someone else at a different location at the time of service.

Here, defendant does not contest the accuracy of the address, he does not contest that he was present at the time of service, he does not offer an explanation as to *who* was served, he merely claims it was not him. This is simply not enough, even with his receptionist's "corroboration."

The object of service is to notify a party of pending litigation and thus secure his presence. Mid-America Federal Savings & Loan Association v. Kosiewicz, 170 Ill. App. 3d 316, 324 (1988). In the case of personal service, the return of summons is prima facie proof of proper service which can only be overcome by clear and convincing evidence, and the court is required to indulge in every reasonable presumption in favor of the return. Id. The process server employed to serve defendant in this matter has been in this industry for over 20 years. Exhibit A (Powell Aff ¶2). The individual who served this particular summons, Mr. Bill Powell, and complaint is the owner of the company and has provided an affidavit of service and an amended affidavit of service providing a description of the party served. It is the ordinary practice of Mr.

Powell and the process servers he employs to complete a job summary upon return the office as soon as the service runs are completed. (Powell Aff. ¶ 4). In this instance, Mr. Powell himself, completed the job summary from which he later drew the information used to provide the description of Matt Taranto for the affidavit attached to Plaintiff's Motion to Remand. (Powell Aff. ¶¶ 3,5). It is also the ordinary course of business, when a summons or complaint names an individual, to request that individual by name. (Powell Aff. ¶ 6). The Job Summary and other documentation stemming therefrom would not indicate that Matt Taranto was served unless someone identifying themselves as Matt Taranto at the address, date and time listed, accepted service. (Powell Aff. ¶¶ 5-6).

Furthermore, defendant's argument that the physical description does not accurately describe him is disingenuous at best. The characteristics provided by the process server vary only marginally from that which Mr. Taranto claim to be true. For instance, Taranto described himself as 6'4" tall, weighing "approximately" 200 lbs, having "light to medium brown hair" and 43 years old. Conversely, the process server described him as 6'3", approximately 170 lbs with black hair and 30-35 years old. While Taranto is the only one who knows his weight he still only provides an "approximation." What actual weight does Taranto consider to be "approximately" 200 lbs? 190? 180? Regardless of the use of the word "approximately" in his affidavit, 170 is close enough. A process server is not required to *weigh* the defendants. The same is true with the age. Certainly, the Court is aware that this can be a characteristic that is difficult to tie a number to. Again, the process server was close enough.

It would appear that hair color would be more difficult to err on. However, while defendant interprets his color as being medium to light brown, it certainly does not appear so in

his picture, which is posted on his website at http://www.greatskinkc.com/staff.asp and attached hereto as <u>Exhibit B</u>.  Certainly, his hair color can be viewed as closer to black or dark brown than medium to light brown.  <u>Id</u>.  Further, if Taranto is willing to "stretch" the truth as to the description of his hair color, why not do so as to his weight?

Even assuming the truth of Taranto's statements, such characterizations are, of course, designed to be estimations by a process server and are not required to be precise in order to be considered to accurately describe the person served.  A defendant cannot use minor errors in a description in an effort to negate service.

As plaintiff points out in its motion, should the Court find that the process server's statements and supporting documents are insufficient, there exists in this matter *at least a serious doubt* as to the timeliness of defendant's removal attempt and consequently, the Court should remand as requested.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court to enter an order remanding this action to state court.   Alternatively, Plaintiff requests leave to conduct discovery related to service of process.


                Respectfully submitted,

                <u>/s/Julie Clark</u>
                Julie Clark

## **CERTIFICATE OF SERVICE**

I, Julie Clark, certify that on January 25, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Eric L. Samore
esamore@osalaw.com

Molly A. Arranz
marranz@osalaw.com

/s/Julie Clark
Julie Clark