# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | 5-27-2008 |
|---|---|---|---|
| CASE NUMBER | 07 C 6941 | DATE | 6/23/2008 |
| CASE TITLE | | INSPE Assoc., Ltd. vs. Taranto, et. al. | |

**DOCKET ENTRY TEXT**

Motion by Plaintiff INSPE Assoc., Ltd. to remand [18] is granted.

■ [ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Plaintiff INSPE Assoc., Ltd.'s ("Plaintiff") Motion to Remand ("Motion") pursuant to 28 U.S.C. § 1441(c). Plaintiff initiated this class action on July 16, 2007 in the Circuit Court of Cook County. There Plaintiff alleged that the Defendant Matt Taranto d/b/a Aesthetic Consulting Group ("Defendant") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA") and the common law. According to the Affidavit of Service, Plaintiff served the Defendant with a copy of the summons and complaint on July 23, 2007. Approximately four months later, on December 11, 2007, the Defendant filed a Notice of Removal of the action to this Court. Plaintiff, in response, filed the instant Motion, asserting that Defendant's removal attempt was untimely and thus improper.

The removal statute provides, "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant... ." Boyd v. Phoenix Funding Corp., 366 F.3d 524, 529 (7th Cir. 2004) (citing 28 U.S.C. § 1446(b)). The time limitation imposed by 28 U.S.C. § 1446(b) is a "strictly applied rule of procedure" and defects in removal procedures may only be cured within the statutory time period, unless they are waived. Macri v. M & M Contractors, Inc., 897 F.Supp. 381, 384 (N.D. Ind. 1995) (citing N. Ill. Gas Co. v. Airco, Inc., 676 F.2d 270, 273 (7th Cir. 1982). In Illinois, an affidavit of service constitutes prima facie evidence of proper service. Torrespico v. Columbia Coll., No. 97 C 8881, 1998 WL 703450, *5 (N.D. Ill. Sept. 30, 1998) (citing In re Jafree, 93 Ill.2d 450, 454 (1982)). Indeed, courts will not set aside return affidavits unless the defendant has "impeached the return by clear and satisfactory evidence." Id. And "[a]n uncorroborated defendant's affidavit denying the propriety of service is inadequate to overcome the presumption favoring an affidavit of service." Id.

In support of its Motion, Plaintiff provided the Court with an affidavit of service and summons. The return affidavit indicates that Defendant Taranto was personally served at the offices of Aesthetic Consulting

## STATEMENT

Group on July 23, 2007. Defendant contends, however, that he did not receive notice of the complaint until November 15, 2007, when his counsel faxed to him a copy of the initial pleading. In support, Defendant attached to his Response to Plaintiff's Motion to Remand two affidavits, one on behalf of himself and one from his receptionist and office manager, Susan Briney.

Mr. Taranto testified in his affidavit that both he and Ms. Briney were working on July 23, 2007. But he then denies having been served with a summons and complaint on that day. Ms. Briney testified in her affidavit that she believes that "no person came to our offices [on July 23, 2008] for service of summons and complaint." Nevertheless, both Mr. Taranto and Ms. Briney failed to contest: the accuracy of the address at which the process server delivered the summons and complaint; their presence at the time of service; or the mere possibility of service on Mr. Taranto. In this way, Defendant's self-serving affidavits, which simply deny the propriety of service and leave the reader with doubts as to their veracity, are belied by the existence of a properly returned affidavit of service and cannot provide the clear and convincing evidence needed to overcome the presumption in favor of proper service. See Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993) (noting that the court must resolve all doubts in favor of remand to the state court). The Court therefore finds that the Defendant failed to timely file its Notice of Removal within the statutorily prescribed, 30-day time frame. Plaintiff's Motion to Remand is granted.

IT IS SO ORDERED.